CONFERENCE *v.* MILES.

THE WESTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA, AN UNINCORPORATED RELIGIOUS ASSOCIATION; AND M. L. JOHNSON, MODERATOR; DEWEY BOLING, ASSISTANT MODERATOR; R. N. HINNANT, CLERK; RALPH BARNES, TREASURER; OFFICERS OF SAID CONFERENCE; M. L. JOHNSON, R. N. HINNANT, EARL GLENN, R. H. JACKSON, AND RALPH BARNES, EXECUTIVE COMMITTEE OF SAID CONFERENCE,

AND

J. G. TEASLEY, OLIF PASCHALL, CALVIN GRIFFIN, JOE PEELE, THE BOARD OF DEACONS OF THE EDGEMONT ORIGINAL FREE WILL BAPTIST CHURCH: AND H. M. ALFORD, LEONARD GIBBS, BOYCE MOIZE, INDIVIDUALLY AND AS TRUSTEES; AND LEO PASCHALL, CHURCH CLERK; AND H. A. STEWART, CHURCH TREASURER, ALL OFFICERS OF THE OFFICIAL BOARDS OF THE EDGEMONT ORIGINAL FREE WILL BAPTIST CHURCH UNITED IN INTEREST AS RECOGNIZED BY THE WESTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA, KNOWN AS THE J. G. TEASLEY FACTION v. JAMES A. MILES, LLOYD WILLIFORD, RICHARD BLAKE, SAM WELLS, MACON PERRY, BOBBY McCORKLE, TOM LEE, ARNOLD GOODWIN, CLYDE POWELL, ALL DEFENDANTS PURPORTING TO BE MEMBERS OF THE BOARDS OF DEACONS OF THE EDGEMONT ORIGINAL FREE WILL BAPTIST CHURCH; AND GROVER C. MYERS; AND J. E. CHAPPELL, INDIVIDUALLY AND AS THE PURPORTED BOARD OF TRUSTEES OF THE EDGEMONT ORIGINAL FREE WILL BAPTIST CHURCH AND OTHERS UNITED IN INTEREST WITH THE ABOVE NAMED, KNOWN AS THE JAMES A. MILES FACTION, AND RONALD CREECH.

(Filed 17 January 1964.)

APPEAL by plaintiffs from *Latham, S. J.,* August 1963 Special Civil Session of DURHAM.

*Arthur Vann and R. Roy Mitchell, Jr., for plaintiffs.*
*Bryant, Lipton, Bryant & Battle and Lake, Boyce and Lake for defendants.*

PER CURIAM. We have heard appeals in this case, and related cases, on two prior occasions—at the Fall Term 1961, and the Fall Term 1962. *Conference v. Creech,* 256 N.C. 128, 123 S.E. 2d 619; *Conference v. Miles,* 259 N.C. 1, 129 S.E. 2d 600. These prior opinions set out the pleadings and the law applicable to the matters in controversy. The latter opinion (filed 6 March 1963) summarizes the evidence adduced at the trial in Superior Court held in March 1962. That opinion is the law of the case. We ordered a new trial for reasons set out in the opinion.

There was a retrial in August 1963. From this the present appeal arises. This trial was begun on 5 August and terminated on 22 August.

Plaintiffs and defendants introduced voluminous evidence. Defendants moved for nonsuit at the end of plaintiffs' evidence and again at the close of all of the evidence. The motions were overruled. The court charged the jury and submitted the case to them upon proper issues. After the jury had deliberated about two hours, the judge withdrew the case from the jury, entered a judgment of nonsuit and therein dismissed the action and made other decrees bearing upon the matters in controversy. In allowing the motion for nonsuit and entering the judgment, the court fell into error. The evidence, considered in the light most favorable to plaintiffs, makes out a *prima facie* case for plaintiffs on all material issues of fact. No purpose can be served by a review of the evidence here.

The ruling of the court on the motion to nonsuit is reversed and the judgment below will be vacated.

Reversed.